IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODRIGUEZ P. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10cv71-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiff Rodriguez P. Carter applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381 *et seq.*  Plaintiff's application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #13);

Def.'s Consent to Jurisdiction (Doc. #12).  Based on the Court's review of the record and the

briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[2]    A "physical or mental impairment" is one resulting from anatomical,
physiological, or psychological abnormalities which are demonstrable by medically acceptable
clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

[3]     *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]     *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was twenty years old at the time of the hearing before the ALJ, and had at least a twelfth grade education (Tr. 11).  Plaintiff did not have past relevant work experience. Tr. 21.  At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date (Tr. 11).  At Step 2, the ALJ found that Plaintiff suffers from the severe impairments of learning disability and borderline functioning. Tr. 12.  Next, the ALJ found that Plaintiff retains the RFC to perform medium work, with some mental limitations (Tr. 20).  Finally, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy that claimant can perform," including: laundry worker, poultry worker, and cafeteria attendant (Step 5) (Tr. 22).  Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period.  *Id*.

## IV.   PLAINTIFF'S CLAIM

Plaintiff presents one claim for this court's review: "[w]hether the ALJ erred by failing to make clear the weight accorded to opinion evidence from Easter Seals Central Alabama."  Pl.'s Brief (Doc. #8) at 2.   Specifically, Plaintiff argues that the ALJ failed to express "any specific assignment of weight pertaining to the opinion evidence of Danita P. Rivers, Easter Seals' Job Placement Specialist."  *Id* at 3.  Plaintiff concedes that the ALJ discussed the evidence of record from Easter Seals, but merely objects to the ALJ's failure to articulate the weight given to the opinion of Ms. Rivers.

However, as the Commissioner rightly points out, "[t]here is no requirement in the Social Security regulations or rulings that the ALJ assign any weight to non-medical sources, only that the evidence be considered." *Reed v. Astrue*, 2009 WL 3571699 at *3 (S.D. Ala. Oct. 26, 2009) (unpublished); *see also* SSR 06- 03p, at *6 (ALJ should either explain the weight given to opinions from other sources, "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning"). There is no contention that Ms. Rivers is a medical expert, so there is no requirement that the ALJ explain any weight assigned to her opinion. All that is necessary is that the ALJ's decision be clear enough to allow a reviewing court to determine the weight accorded the evidence and to determine whether the decision was supported by substantial evidence. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the reviewing court to determine the ALJ considered the evidence.). As stated above, Plaintiff concedes that it is clear from the record that the ALJ considered the report, and it is clear the ALJ rejected the report to the extent it did not support his determination of Plaintiff's RFC.

The opinion in question relates to the termination of Plaintiff's employment from Easter Seals. In a report generated by Ms. Rivers regarding Plaintiff's termination, Ms. Rivers opined that Plaintiff was not capable of competitive employment. Tr. 229. The ALJ discusses this report in his opinion, Tr. 14, as well as the opinion of the psychological expert,

Dr. Sydney Garner's about Plaintiff's ability to work.  Tr. 21. The ALJ's opinion that Plaintiff can work pursuant to the formulated RFC, and the implicit rejection of Ms. Rivers's opinion, is not only supported by Dr. Garner's opinion, but also the evidence and opinions submitted by Doctors  Majure and Nuckols.  Thus, the ALJ's determiantion was supported by substantial evidence and is not subject to reversal by this court.[5]

## V.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is supported by substantial evidence and is, therefore, AFFIRMED.

A separate judgment will issue.

DONE this 13th day of January, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5] Indeed, Ms. Rivers's notes detail plaintiff's non-compliance, lack of communication, lack of desire and motivation to find work, and failure to seek work. Tr. 231-326.  Further, the reason listed for Plaintiff's termination by his Client Information Supervisor was his non-participation in the program. Tr. 230.

7